**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER GUZMAN-URBANO, | No. 13-73138 |
| Petitioner, | Agency No. A200-686-033 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Javier Guzman-Urbano, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam).  We deny the petition for review.

The BIA concluded that Guzman-Urbano's asylum claim was time-barred, and that his failure to file a timely asylum application also rendered him ineligible for humanitarian asylum.  Guzman-Urbano has not challenged these dispositive determinations.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, we deny the petition as to Guzman-Urbano's asylum claim.

Guzman-Urbano claims that his family members suffered persecution in Mexico in the past through criminal extortion demands, and he fears future harm based on extortion by unknown criminals.  Substantial evidence supports the BIA's determination that Guzman-Urbano failed to establish a nexus to a protected ground.  *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (protected ground must be 'one central reason' for persecution); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground").  In light of this conclusion, we need not address Guzman-Urbano's other challenges to the

BIA's denial of withholding of removal. Thus, Guzman-Urbano's withholding of removal claim fails.

Finally, substantial evidence supports the denial of CAT relief because Guzman-Urbano failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Mexico if he is returned. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

13-73138